**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRENT LAMAR JONES,<br><br>Plaintiff,<br><br>v.<br><br>LOCKHEED MARTIN CORPORATION, JIM TAICLET, and FRANK ST. JOHN,<br><br>Defendants. | Civil Action No. 26-388-GBW |

## MEMORANDUM ORDER

Pending before the Court is Defendants'[1] Motion to Dismiss (D.I. 15), which has been fully briefed (D.I. 16; D.I. 23; D.I. 24). For the reasons set forth below, Defendants' Motion to Dismiss (D.I. 15) is granted and Plaintiff's Complaint (D.I. 1) is dismissed without prejudice. Plaintiff's recent motions seeking entry of default, default judgment, a writ of execution, and other relief (D.I. 29; D.I. 33; D.I. 35; D.I. 38) are denied as moot.

## I. BACKGROUND

### A. Factual Background

The following factual background is drawn from Plaintiff's Complaint. D.I. 1. Plaintiff is the "sole inventor, designer, and engineer of the Golden Dome Missile Shield [('GDMS')] system" and six other defense technologies (together, "Jones-Dyson Defense IP"). *Id.* ¶ 1; *see also id.* ¶ 20

[1] The Plaintiff in this action is Brent Lamar Jones ("Plaintiff"). The Defendants named in this action are Lockheed Martin Corporation ("Lockheed Martin"), Jim Taiclet ("Mr. Taiclet"), and Frank St. John ("Mr. St. John"). The "Individual Defendants" are Mr. Taiclet and Mr. St. John.

(describing the six additional technologies). Defendants in this action are Lockheed Martin and two employees of Lockheed Martin. *Id.* ¶¶ 14-16.

On May 13, 2025, Plaintiff made an unsolicited offer to Defendants contemplating Defendants' purchase of his technologies, which included "all seven" of his inventions, as well as a "Master Licensing Offer Letter, USPTO-ready patent assignment agreements for each invention, and an embedded Non-Disclosure Agreement." *See id.* ¶¶ 22-24. After receiving Plaintiff's submission, "Defendants did not accept the offer through the designated mechanism" or otherwise contact Plaintiff. *Id.* ¶ 34. Approximately one week later, on or about May 20, 2025, the Individual Defendants "announced that Lockheed Martin was leading the Golden Dome Missile Shield effort across the defense industry." *Id.* ¶ 35.

Plaintiff alleges that Defendants used the materials he sent them to coordinate a "hub-and-spoke arrangement directed exclusively by Lockheed Martin . . . ." *Id.* ¶ 38. "Following Defendants' conduct, Plaintiff transmitted cease and desist communications to parties across the defense sector asserting Plaintiff's ownership of the Jones-Dyson Defense IP and providing proof of ownership." *Id.* ¶ 44. After these communications, "all GDMS-related activity across the defense sector ceased entirely. No company, organization, or individual in the defense industry has since performed, published, or announced any engineering work on the [GDMS] system." *Id.* ¶ 45.

**B. Procedural Background**

The Complaint alleges seven "counts": (1) breach of the alleged self-executing non-disclosure agreement (D.I. 1 ¶¶ 62-67); (2) misappropriation of trade secrets (*id.* ¶¶ 68-75); (3) tortious interference with business expectancy (*id.* ¶¶ 76-81); (4) unjust enrichment (*id.* ¶¶ 82-86);

(5) violation of Section 1 of the Sherman Antitrust Act (*id.* ¶¶ 87-96); (6) declaratory relief (*id.* ¶¶ 97-102); and (7) permanent injunctive relief (*id.* ¶¶ 103-106).

Defendants filed the pending Motion to Dismiss, which seeks to dismiss Plaintiff's Complaint in its entirety under Federal Rule of Civil Procedure 12 "for lack of personal jurisdiction, improper venue, failure to properly serve two of the three Defendants, and failure to state a claim upon which relief can be granted." D.I. 15 at 1.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Under Rule 12(b)(6)

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a Rule 12(b)(6) motion, a complaint must set forth enough factual allegations to 'state a claim to relief that is plausible on its face.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "When reviewing a Rule 12(b)(6) motion, [the Court] accept[s] as true all factual allegations in the complaint and view[s] those facts in the light most favorable to the non-moving party." *Id.* (citation omitted). However, the Court will "disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010)). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public

record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Id.* (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

**B. Motion to Dismiss under Rule 12(b)(2)**

"In deciding motions to dismiss for lack of personal jurisdiction under Rule 12(b)(2), district courts must accept as true the allegations of the pleadings and all reasonable inference[s] drawn therefrom." *Colur World, LLC v. Supmedic, Inc.*, 801 F. Supp. 3d 524, 529 (E.D. Pa. 2025) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003)). "However, unlike Rule 12(b)(6), Rule 12(b)(2) does not limit the scope of the court's review to the face of the pleadings. Consideration of affidavits submitted by the parties is appropriate and, typically, necessary." *Id.* (quoting *In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 556 (M.D. Pa. 2009)); *see also Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 603 (3d Cir. 1990) ("A Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies." (citation omitted)).

"Once a defendant raises a jurisdictional defense, supported by affidavits or other competent evidence, the plaintiff must prove by way of similar supporting evidence that jurisdiction is proper." *Colur World, LLC*, 801 F. Supp. 3d at 529 (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of *in personam* jurisdiction." *Patterson by Patterson*, 893 F.2d at 604 (citation omitted). "Once the motion is made, plaintiff must respond with actual proofs, not mere allegations." *Id.* (citation omitted).

"Determining the existence of personal jurisdiction pursuant to a long-arm statute requires a two-part analysis." *Tani v. FPL/Next Era Energy*, 811 F. Supp. 2d 1004, 1013 (D. Del. 2011).

"First, the Court analyzes the long-arm statute of the state in which the Court is located." *Id.* (citing *Intel Corp. v. Broadcom Corp.*, 167 F.Supp.2d 692, 700 (D. Del. 2001)). "Next, the Court determines whether exercising jurisdiction over the defendant in the state comports with the Due Process Clause of the Constitution." *Id.* (citing *Intel Corp.*, 167 F.Supp.2d at 700).

## III. DISCUSSION

### A. The Court Grants Defendants' Motion to Dismiss

Defendants move to dismiss this action, *inter alia*, for lack of personal jurisdiction. D.I. 16 at 5-7. In support of this first contention, Defendants assert that the sole basis for personal jurisdiction in the Complaint is Plaintiff's "factually incorrect allegation that Lockheed Martin is a 'Delaware corporation.'" *Id.* at 5 (citing D.I. 1 ¶ 14). In opposition, Plaintiff concedes that this allegation was a factual error. D.I. 23 at 2[2] ("Defendants' entire jurisdictional attack rests on the assertion that Plaintiff incorrectly identified Lockheed Martin as a Delaware corporation. *Plaintiff acknowledges this factual error*. [Lockheed Martin] is a Maryland corporation." (emphasis added)).

In support of their motion, Defendants have provided competent evidence showing that Lockheed Martin is not a Delaware corporation. *See* D.I. 16-1, Ex. A (corporate charter); D.I. 16-1, Ex. B ¶¶ 2 ("Lockheed Martin is incorporated and headquartered in the State of Maryland."), 3 ("All of Lockheed Martin's activities are directed by and controlled from its headquarters in Bethesda, Maryland."). Given that Defendants have properly raised a jurisdictional defense, supported by competent evidence, "[Plaintiff] must prove by way of similar supporting evidence that jurisdiction is proper" and may not rely on the "bare pleadings" to survive Defendants' motion.

---

[2] The Court notes that citations to D.I. 23 are to its ECF pagination.

*Colur World, LLC*, 801 F. Supp. 3d at 529. However, Plaintiff has conceded the factual error and has not provided any similarly competent evidence supporting the exercise of personal jurisdiction as to any of the Defendants. Thus, the Court finds that Plaintiff has failed to establish a prima facie case of personal jurisdiction as to any of the Defendants under the theory of personal jurisdiction alleged in Plaintiff's Complaint.

Plaintiff's contentions otherwise are unpersuasive. Plaintiff first raises the issue of waiver. It is true that "[p]ersonal jurisdiction is a right that may be waived." *KDH Elec. Sys., Inc. v. Curtis Tech. Ltd.*, No. CIV.A.08-2201, 2010 WL 1047807, at *4 (E.D. Pa. Mar. 19, 2010) (citation omitted). In general, Federal Rule of Civil Procedure 12(h)(1) provides that a party waives defenses listed in Rule 12(b)(2)-(5), such as personal jurisdiction, if it (1) omits that defense from a motion as described under Rule 12(g)(2); or (2) fails to make it by motion under Rule 12 or raise it "in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h)(1).

The upshot of Rules 12(g) and (h)(1) is that a party may waive personal jurisdiction if it fails to assert the defense in its answer or its initial Rule 12 motion. *See, e.g.*, *Talley v. Wetzel*, 15 F.4th 275, 286 (3d Cir. 2021) ("[B]y filing an answer to [the plaintiff's] complaint[,] the defendants . . . could no longer raise a challenge to the district court's personal jurisdiction over them."); *Cath. Mut. Relief Soc'y of Am. v. Acer Am. Corp.*, No. 5:22-CV-02600-JMG, 2023 WL 3997977, at *3 (E.D. Pa. June 14, 2023) ("It is well-established that when a party fails to raise an objection to personal jurisdiction in an initial Rule 12 motion, the objection is waived." (collecting cases)).

The Court declines to find waiver of personal jurisdiction here, where Defendants have raised a personal jurisdiction defense in their first response to the Complaint and have not filed any answer. *See, e.g.*, 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1391 (3d ed., Apr. 2026

update) ("Simply put, there is no warrant for treating the passage of the Rule 12(a) period as a basis for waiver of Rule 12(b) motions; a motion under the rule is timely as long as it is made before the filing of a responsive pleading and waiver of Rule 12(b) motions only results under the conditions outlined in Rules 12(g) and 12(h)."); *Hedeen Int'l, LLC v. Zing Toys, Inc.*, 811 F.3d 904, 906 (7th Cir. 2016) (holding that "applying the 21–day time limit to motions under Rule 12 would require 'an overly strict interpretation of the language of Rule 12(a) and Rule 12(h)(1)'" (citation omitted)).

Plaintiff next contends that Defendants conflate subject matter jurisdiction and personal jurisdiction, which are two separate requirements. D.I. 23 at 3. Plaintiff is correct that these two forms of jurisdiction are separate requirements. However, Defendants have not done so.

Finally, Plaintiff contends that 15 U.S.C. § 22[3] authorizes the Court's exercise of personal jurisdiction. *Id.* at 3. As a preliminary matter, the Complaint does not cite 15 U.S.C. § 22 or identify it as a basis for personal jurisdiction. *See* D.I. 1 ¶¶ 8-12 (jurisdictional allegations). Nor may Plaintiff amend his Complaint in his opposition brief. *See Rogers v. Mears*, C.A. No. 22-596-GBW, 2025 WL 3199161, at *9 (D. Del. Nov. 17, 2025); *cf. Singh v. Royal Caribbean Cruises Ltd.*, 576 F. Supp. 3d 1166, 1176 (S.D. Fla. 2021) ("Plaintiff cannot assert 'what is essentially a new [jurisdictional allegation], not previously pled, in a response to a motion to dismiss[,]' and the Court need not consider it." (citation omitted)). Assuming Plaintiff had properly alleged and developed this theory, the Court would not be persuaded by it, since the Complaint fails to allege

---

[3] *See* 15 U.S.C. § 22 ("Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."). 15 U.S.C. § 22 expressly applies to suits, actions, or proceedings against corporations and does not mention individuals.

a viable antitrust claim. *See Prakash v. Altadis U.S.A. Inc.*, C.A. No. 5:10CV0033, 2012 WL 1109918, at *22 (N.D. Ohio Mar. 30, 2012) ("Because [15 U.S.C. § 22] applies only to a 'suit, action, or proceeding under the antitrust laws,' Plaintiff's failure to state a claim under the antitrust laws precludes him from using the worldwide provision of 15 U.S.C. § 22 as a means to secure personal jurisdiction over [Defendant].").

The Complaint alleges a claim against all Defendants for violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. *See* D.I. 1 ¶¶ 87-96. "To establish a violation of Section 1, a plaintiff must prove: (1) concerted action by the defendants; (2) that produced anticompetitive effects within the relevant product and geographic markets; (3) that the concerted actions were illegal; and (4) that it was injured as a proximate result of the concerted action." *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 267 (3d Cir. 2009) (citation omitted).

Construing the allegations of the Complaint liberally, the Complaint fails to meet these elements. As a preliminary matter, "[t]o the extent [Plaintiff] asserts that [Lockheed Martin] conspired with [the Individual Defendants], that allegation is not plausible because the 'intracorporate conspiracy doctrine' bars conspiracy claims involving only agents and their principals." *Garcia v. Cruz*, No. 2:25-CV-00440-JDW, 2025 WL 950386, at *3 (E.D. Pa. Mar. 28, 2025) (citing *Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 769 (1984)). The Complaint alleges that Defendants "coordinated with" unnamed "competing defense contractors" to establish an arrangement for submitting work to Lockheed Martin. D.I. 1 ¶ 89; *see also id.* ¶¶ 36-39. The Complaint does not allege "direct evidence" of a conspiracy, such as a specific "document or conversation explicitly manifesting the existence of the agreement in question . . . ." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 325 n.23 (3d Cir. 2010). Moreover, the Complaint does allege that Defendants did not "disclos[e] the existence of Plaintiff's submission"

(*see id.* ¶ 39), which cuts against Plaintiff's claim as to the existence of concerted action supporting a conspiracy claim.[4] *See Kerwin v. Casino*, 802 F. App'x 723, 726 (3d Cir. 2020) (finding that the plaintiff's allegations fell short of alleging sufficient direct or circumstantial evidence of a conspiracy); *see also Edward J. Sweeney & Sons, Inc. v. Texaco, Inc.*, 637 F.2d 105, 111 (3d Cir. 1980) (stating that "concerted action" requires a "conscious commitment to a common scheme designed to achieve an unlawful objective"); *cf. Garshman v. Universal Res. Holding Inc.*, 824 F.2d 223, 230 (3d Cir. 1987) ("The allegation of unspecified contracts with unnamed other entities to achieve unidentified anticompetitive effects does not meet the minimum standards for pleading a conspiracy in violation of the Sherman Act." (citations omitted)). Ultimately, the Court finds that the Complaint fails to adequately plead a Section 1 conspiracy under the Sherman Act. Since the Complaint fails to allege a viable antitrust claim, Plaintiff may not rely on Section 12 of the Clayton Act to establish personal jurisdiction over Defendants. *See, e.g.*, *Prakash*, 2012 WL 1109918, at *22; *cf. Van Roy v. Sakhr Software Co.*, No. 1:11-CV-00863-LPS, 2014 WL 3367275, at *8 (D. Del. July 8, 2014) (finding that the plaintiffs could not rely on an analogous provision of the Securities Exchange Act where the plaintiffs had not met the pleading standard for their federal securities claim).

Given the Court's finding that it lacks personal jurisdiction over Defendants under the theory set forth in the Complaint, which is predicated on Lockheed Martin being incorporated in Delaware, the Court declines to address Defendants' alternative arguments for dismissal of the Complaint. Similarly, the Court declines Plaintiff's request to transfer this action to the District

[4] The Complaint's allegations that Plaintiff's cease-and-desist communications led to the complete cessation of all alleged GDMS activity (*see* D.I. 1 ¶¶ 45-46) further militate against Plaintiff's claim regarding the existence of the alleged conspiracy.

of Maryland. *See* D.I. 23 at 3. The Court expresses no opinion on whether the District of Maryland is a proper forum for the parties' dispute. Plaintiff's Complaint (D.I. 1) is dismissed without prejudice.

**B. The Court Denies Plaintiff's Other Motions as Moot**

Since July 2026, Plaintiff has filed several motions seeking entry of default, default judgment, a writ of execution, reconsideration of the Court's previous Oral Order (D.I. 28), and other "emergency" relief. *See* D.I. 29 ("Plaintiff's Notice of Withdrawal of Mandamus Intent and Renewed Emergency Motion for Immediate Entry of Default, Default Judgment, and Writ of Execution"); D.I. 33 (Plaintiff's "Emergency Motion for Entry of Default Judgment or Administrative Resolution Pursuant to Settlement Agreement");[5] D.I. 35 (Plaintiff's "Emergency Motion in Response to Defendants' August 17, 2026 filing and for Immediate Entry of Proposed Order"); D.I. 38 ("Plaintiff's Motion to Compel Judicial Action on Proposed Order and All Pending Motions"). The Court will grant Plaintiff's request to unseal D.I. 14 and D.I. 30, which has not been opposed by Defendants. *See* D.I. 31 at 4 (requesting unsealing of D.I. 14 and D.I. 30); D.I. 34 at 4 n.1 (stating that Defendants do not intend to respond to Plaintiff's notices regarding sealing). Since the Court has dismissed Plaintiff's Complaint (D.I. 1) without prejudice, the Court will deny Plaintiff's other motions as moot.

---

[5] From the record before the Court, it does not appear that the parties have executed a settlement agreement. As of August 17, 2026, "Defendants state[d] unequivocally that no settlement agreement exists between the parties." D.I. 34 at 3.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (D.I. 15) is granted and Plaintiff's Complaint (D.I. 1) is dismissed without prejudice. Plaintiff's recently filed motions (D.I. 29; D.I. 33; D.I. 35; D.I. 38) are denied as moot.

WHEREFORE, at Wilmington this 14th day of September 2026, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (D.I. 15) is GRANTED.
2. Plaintiff's Complaint (D.I. 1) is DISMISSED WITHOUT PREJUDICE.
3. Plaintiff's Notice of Withdrawal of Mandamus Intent and Renewed Emergency for Immediate Entry of Default, Default Judgment, and Writ of Execution (D.I. 29) is DENIED AS MOOT.
4. Plaintiff's Emergency Motion for Entry of Default Judgment or Administrative Resolution Pursuant to Settlement Agreement (D.I. 33) is DENIED AS MOOT.
5. Plaintiff's Emergency Motion in Response to Defendants' August 17, 2026 filing and for Immediate Entry of Proposed Order (D.I. 35) is DENIED AS MOOT.
6. Plaintiff's Motion to Compel Judicial Action on Proposed Order and All Pending Motions (D.I. 38) is DENIED AS MOOT.
7. Plaintiff's requests to unseal D.I. 14 and 30 are granted.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE